## Case No. 7,129.

JACKSON v. BAKER.

[1 Wash. C. C. 394.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

## Case No. 7,130.

JACKSON v. BAKER.

[1 Wash. C. C. 445.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

BY THE COURT. On the first point, I repeated what was stated in the charge to the jury.[2] Secondly. That the conduct of the defendant, by extinguishing the original debt, and destroying all privity between the plaintiff, and the person to whom the goods were sold, is to be considered as a receiver of that debt, to the use of the plaintiff, as much so, as if he had released the debt. Rule discharged.

[2] The principal ground used on this argument for a new trial, was, that the plaintiff ought to have demanded the bond, before he brought the suit. The court, in answer to this, observed, that if a bond had been taken for this debt alone, this argument might have weight in it. But, as it was mixed with the defendant's money, such demand was unnecessary: because, the plaintiff could not have compelled the defendant to deliver the evidence of a debt due to the defendant, though in part it contained money due to the plaintiff.

